UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

          v.                         CASE NOS.  8:09-cr-177-T-27MAP

ROBERT HENRY ANDERSON
_____/

## REPORT AND RECOMMENDATION

Before the Court is the Defendant's motion to proceed *in forma pauperis* on appeal of an Order issued by the district judge denying the Defendant's "motion to correct sentence."[1] For the reasons stated, I recommend the motion (docs. 81, 83) be denied.

*A. Standards*

FRAP 24 and 28 U.S.C. § 1915 provide the applicable standard for review of the motion. Both authorities allow a court to deny a motion to appeal *in forma pauperis* if the court certifies in writing that the motion is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) and FRAP 24(a)(3). A party fails to act in "good faith" when he raises an issue on appeal that is frivolous; namely, looking at the issue objectively, the movant cannot arguably succeed in his appeal as a matter of law. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

---

[1] The Defendant in his notice of appeal asked for the appointment of counsel and leave to proceed *in forma pauperis*. The clerk docketed the notice three successive times under separate docket headings stating each aspect of the notice (docs. 80,81,82). The clerk incorrectly docketed the Defendant's financial affidavit as another motion for leave to proceed *in forma pauperis* (doc. 83).

*B. Defendant's Motion*

On July 12, 2010, the Court sentenced the Defendant to a term of imprisonment and supervised release for a violation of 18 U.S.C. § 371 involving a tax fraud conspiracy. As part of the sentence, the Court ordered the Defendant to pay the IRS restitution in the amount of $2,006,218. The Defendant cooperated, and that led to the government to discover that the tax loss occasioned by the Defendant's coconspirators far exceeded the what the Court had ordered the Defendant to pay in restitution. While the government had collected over $11 million in taxpayer assessments, the total tax loss approximated $38 million. The government applied the $11 million to that amount, leaving more than $26 million owed, which is far more than the $2 million the Defendant is obligated to pay. Notably, the Defendant has never challenged the accuracy of the loss.

The Defendant, concerned that this amounted to some sort of "double recovery" filed a "Motion Correct Judgment." *See* doc. 78. The Court generously construed the motion as one under 18 U.S.C. § 3664(k). After reviewing the government's response, the Court denied the motion in a written order (doc. 79). It is this Order the Defendant seeks to appeal and proceed *in forma pauperis*. Having review the Order, I find the Defendant cannot arguably succeed in his appeal as a matter of law for the reasons the Court stated in its Order. Simply put, the Defendant is factually incorrect.

*C. Conclusion*

For the reasons stated, it is hereby recommended that Defendant's motion to proceed

*in forma pauperis* (docs. 81, 83) be DENIED.

IT IS SO REPORTED at Tampa, Florida on January 14, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:   Hon. James D. Whittemore
      Counsel of Record
      Defendant *pro se*